BLANK ROME, LLP
Attorneys for Plaintiff
SCHINOUSA SHIPPING COMPANY LTD.
Jack A. Greenbaum (JG 0039)
The Chrysler Building
405 Lexington Ave.
New York, NY 10174-0208
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SCHINOUSA SHIPPING COMPANY LTD.,

    Plaintiff,

-against-

STAR TANKERS INC.

    Defendants.

---

07 Civ.

**VERIFIED COMPLAINT**



JUDGE STEIN

07 CIV 3887

RECEIVED MAY 17 2007 U.S.D.C. S.D.N.Y. CASHIERS

Plaintiff, SCHINOUSA SHIPPING COMPANY LTD. ("Plaintiff"), by its attorneys Blank Rome, LLP, complaining of the above-named Defendant, STAR TANKERS INC. ("Defendant"), alleges upon information and belief as follows:

1. This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The Court has admiralty jurisdiction under 28 U.S.C. §1333.

2. At all material times, Plaintiff was and now is a foreign company with its offices c/o Liquimar Tanker Management Inc., 3 Alopekis Street, Kolonaki, 106 75, Greece, and was the owner of the M/T PRIAMOS.

3.   At all material times, Defendant was and is a Liberian company with its registered office at 80 Broad Street, Monrovia, Liberia, having a general agent at 320 Post Road, Darien, CT 08820. Defendant has no office or place of business within this Judicial District.

4.   On May 27, 2005, Plaintiff and Defendant entered into a Time Charter Party of Plalintiff's vessel, the M/T PRIAMOS, and, separately, a Pool Agreement for a pool in which Defendant was to employ the PRIAMOS.

5.   Plaintiff performed all of its obligations pursuant to the aforesaid agreements, but Defendant has failed to pay a sum of US$53,641 due and owing to Plaintiff.

6.   The Time Charter Party dated May 27, 2005 provides for the application of English Law, and for the nonexclusive jurisdiction of the English Courts, or, at either party's election, for the arbitration of disputes in London, England.

7.   Plaintiff has commenced arbitration against Defendant.

8.   English Courts and Arbitrators routinely award interest, arbitrators' fees, and legal costs to the successful party in a judicial or arbitral proceeding.

9.   Plaintiff estimates that (a) interest in the sum of US$7,510 will be incurred at a rate of 7% for a period of 2 years; (b) recoverable legal costs will be awarded in the sum of US$50,000; and (c) recoverable arbitrators' fees will be awarded in the sum of US$50,000.

10.   The total amount for which Plaintiff requests issuance of Process of Maritime Attachment and Garnishment herein is **US$107,282**.

11.   Defendant cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendants are believed to have or will have during the pendency of this action,

assets within this district consisting of cash, funds, freight, hire credits in the hands of garnishees in this District, including but not limited to electronic fund transfers.

**WHEREFORE**, Plaintiff prays:

A.  That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

B.  That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all of Defendants' tangible or intangible property or any other funds held by any garnishee in the district which are due and owing or otherwise the property of to the Defendant up to the amount of **US$107,282** to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C.  That this Court award Plaintiffs their damages or retain jurisdiction over this matter through the entry of a judgment on the English judgments and/or arbitration awards.

D.  That Plaintiff may have such other, further and different relief as may be just and proper.

Dated: New York, NY
May 17, 2007

                                 Respectfully submitted,
                                 BLANK ROME, LLP
                                 Attorneys for Plaintiff

                                 By _____
                                    Jack A. Greenbaum (JG 0039)
                                 The Chrysler Building
                                 405 Lexington Ave.
                                 New York, NY  10174-0208
                                 (212) 885-5000

## VERIFICATION

STATE OF NEW YORK      )
                       : ss.:
COUNTY OF NEW YORK     )

Jack A. Greenbaum, being duly sworn, deposes and says:

1.  I am a member of the bar of this Honorable Court and of the firm of Blank Rome LLP, attorneys for the Plaintiff.

2.  I have read the foregoing Complaint and I believe the contents thereof are true.

3.  The reason this Verification is made by deponent and not by Plaintiff is that Plaintiff is a foreign corporation, no officer or director of which is within this jurisdiction.

4.  The sources of my information and belief are documents provided to me and statements made to me by representatives of the Plaintiff.

_____
Jack A. Greenbaum

Sworn to before me this
17th day of May 2007

_____
Notary Public

ELAINE BONOWITZ
Notary Public, State of New York
No. 43-4893320
Qualified in Richmond County
Certificate Filed in New York County
Commission Expires May 11, 20__

311510.1
127224.00601/6544303v.1

5

BLANK ROME, LLP
Attorneys for Plaintiff
SCHINOUSA SHIPPING COMPANY LTD.
Jack A. Greenbaum (JG 0039)
The Chrysler Building
405 Lexington Ave.
New York, NY 10174-0208
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SCHINOUSA SHIPPING COMPANY LTD.,

    Plaintiff,

-against-

STAR TANKERS INC.

    Defendants.

07 Civ.

**AFFIDAVIT UNDER**
**SUPPLEMENTAL RULE B**

---

STATE OF NEW YORK    )
                               ) ss:
COUNTY OF NEW YORK   )

JACK A. GREENBAUM, being duly sworn, deposes and says:

1. I am a member of the Bar of this Honorable Court and a member of the firm of Blank Rome, LLP, attorneys for the Plaintiff herein. I am familiar with the circumstances of the complaint and submit this affidavit in support of Plaintiff's request for the issuance of process of maritime attachment and garnishment of the property of defendant, ("Defendant"), a foreign corporation, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

2. Defendant is a party to a maritime contract of charter party and is a foreign corporation with no office or place of business within this judicial district.

127224.00601/6544336v.1

3. Under my supervision, my office did a search of the New York State Secretary of State, Division of Corporations, the Transportation Tickler, telephone assistance, and a general internet search.

4. In our search, we did not find any listing or reference to Defendant in this judicial district or the state of New York. In the circumstances, I believe Defendant cannot be found within this district.

_____
JACK A. GREENBAUM

Sworn to before me this
17th day May, 2007

_____
Notary Public

ELAINE BONOWITZ
Notary Public, State of New York
No. 43-4893320
Qualified in Richmond County
Certificate Filed in New York County
Commission Expires May 11, 20 __ 11

311808.1
127224.00601/6544336v.1

2